87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
German Salvador GOMEZ-GARCIA; Urania Socorro Pichardo De
Gomez; German Salvador Gomez-Pichardo; Nestor
Gomez-Pichardo; Oscar Gomez-Pichardo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70711.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided June 6, 1996.
 
 1
 Before: GOODWIN, HAWKINS, Circuit Judges, and WARE**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 German Salvador Gomez-Garcia, his wife Urania Socorro Pichardo de Gomez, and their three children, citizens of Nicaragua, appeal the decision of the Board of Immigration Appeals ("BIA") affirming the denial of their application for asylum and withholding of deportation. The petitioners argue that the BIA abused its discretion because, in adopting the opinion and reasoning of the immigration judge, it did not conduct an independent review of this case. The petitioners also contend that the evidence establishes that they have a well-founded fear of persecution if they return to Nicaragua.[1] We review the BIA's finding on eligibility for asylum for substantial evidence. INS v. Elias-Zacharias, 502 U.S. 478 (1992). The ultimate decision that denies a claim for asylum is reviewed for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995).
 
 I. Abuse of Discretion
 
 4
 The petitioners contend that the BIA did not consider or meaningfully address their claims as evidenced by the fact that the BIA opinion merely restated their claims and then adopted the opinion and reasoning of the immigration judge.
 
 
 5
 The BIA's decision clearly states that it considered the facts and circumstances of petitioners' case: "[w]e have reviewed the record, the immigration judge's decision, and the contentions made on appeal." (Administrative Record at 4). Adoption of the immigration judge's opinion is not a reason for this court to overturn the BIA's decision. See Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995) (the BIA can adopt the immigration judge's decision if it conducted an individualized review of the particular case). Therefore, we conclude that the BIA did conduct a proper review of this case and did not abuse its discretion by adopting the opinion of the immigration judge.
 
 II. Well Founded Fear of Persecution
 
 6
 In order to prove a well-founded fear of persecution, the applicant must show that a reasonable person in the same circumstances would fear persecution. Elnagar v. United States INS, 930 F.2d 784, 786 (9th Cir.1991). A "well-founded fear" is both subjective and objective in that an alien must have a genuine fear of persecution and provide evidence that would support a reasonable fear of persecution. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991).
 
 
 7
 Petitioners support their claim of a well-founded fear of persecution with conclusory testimony and affidavits that state that because Gomez-Garcia and his family generally refused to join or cooperate with the Sandinistas, they were continuously bothered, harassed and persecuted. Of this continuous harassment, the petitioners point to three separate incidents that might support an objective fear of persecution: (1) Gomez-Garcia was recruited to join the Sandinistas and fight, but he refused because he did not want to be involved; (2) Mrs. Pichardo de Gomez testified that the Sandinistas attempted to kidnap her and her family in apparent retaliation for their refusal to cooperate, but Mr. Gomez-Garcia never mentioned the incident in his own testimony; and (3) after Gomez-Garcia and his eldest son left to the United States following the attempted kidnapping, the Sandinistas returned to his house repeatedly to question his wife about his whereabouts. Gomez-Garcia's wife and two younger children left four months after he did.
 
 
 8
 The petitioners have failed to demonstrate that their fear is objectively reasonable because they did not meet their burden of providing "credible, direct, and specific evidence in the record of facts that would support a reasonable fear that petitioner[s] face[ ] persecution." Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986). For example, when Mrs. Pichardo de Gomez was asked about the dates of the attempted kidnapping, she gave a non-responsive answer. (Administrative Record at 53).
 
 
 9
 In addition, and perhaps most importantly, the petitioners were unable to show that the democratically elected government in Nicaragua did not put an end to the Sandinista activities feared by the petitioners. See Acewicz v. United States INS, 984 F.2d 1056, 1061 (9th Cir.1993) (petitioner must show how fear remains well-founded despite change in government). The petitioners' speculative conclusion that the Sandinistas have all the real power and will either jail or kill them if they return to Nicaragua is not enough to establish a well-founded fear of persecution. See Rodriguez-Rivera v. United States Dep't of Immigration and Naturalization, 848 F.2d 998, 1002 (9th Cir.1988) ("Mere conclusions of possible fear are still insufficient").
 
 
 10
 The lack of specific objective evidence, combined with the change in government, show that the petitioners' fear of persecution is not well-founded. Accordingly, we find that the denial of asylum was based on substantial evidence. Because the standard for proving eligibility for withholding of deportation is higher than that for asylum, we also affirm the denial of the request to withhold deportation.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Gomez does not appeal the BIA's conclusion that he did not suffer past persecution